UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| Rebecca L. Horvath | ) | CASE NO. 23-51015 |
| | ) | |
| Debtor | ) | JUDGE Alan M. Koschik |
| | ) | |
| | ) | **MOTION OF SANTANDER CONSUMER USA INC. FOR RELIEF FROM STAY AND CO-DEBTOR STAY AS TO NICHOLAS R GESSLER** |
| | ) | |
| | ) | PROPERTY: |
| | ) | ** 2015 Chevrolet Silverado 1500 |
| | ) |    VIN: 1GCVKREC8FZ229523 |

SANTANDER CONSUMER USA INC. (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362 **and § 1301**.

MEMORANDUM IN SUPPORT

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.  On June 16, 2022 the Debtor Rebecca L. Horvath **and the non-filing co-signer Nicholas R. Gessler** obtained a loan from Waikem Motors Inc. in the amount of $35,428.49. Such loan was evidenced by a promissory note and Security Agreement dated June 16, 2022, (the "Note"), a copy of which is attached as Exhibit A.

3.  To secure payment of the Note and performance of the other terms contained in it, the Debtor Rebecca L. Horvath **and the non-filing co-signer Nicholas R. Gessler** executed a Security Agreement in favor of Waikem Motors Inc. dated June 16, 2022 (the "Security

Agreement"). The Security Agreement granted a lien on the personal property, 2015 Chevrolet Silverado 1500 VIN: 1GCVKREC8FZ229523 (the "Collateral"), owned by the Debtor, Rebecca L. Horvath **and the non-filing co-signer Nicholas R. Gessler**. The Collateral is more fully described in the Security Agreement (check one):

- ☐ attached as Exhibit B;

  OR

- ☒ contained in the Note, attached as Exhibit A

4. The lien created by the Security Agreement was duly perfected by:

- ☐ Filing of the Security Agreement in the office of the _ County Recorder on:

- ☐ Filing of the UCC-1 Financing Statement in the office of ___ on (DATE).

- ☒ Notation of the lien on the Certificate of Title.

- ☐ Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on the Certificate of Title, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion is SANTANDER CONSUMER USA INC.

6. The entity servicing the loan is: N/A.

7. The Note was transferred as evidenced by the following:

  a. If the Collateral is real estate:

   i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

   - ☐ N/A.

     OR

   - ☐ By endorsement on the Note payable to _____.

     OR

☐ By blank endorsement on the Note.

OR

☐ By allonge attached on the Note payable to ___.

OR

☐ By blank allonge, attached to Note.

OR

☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation): _____.

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit. Explain why it provides Movant the authority to endorse the Note:

    ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the __ to ____.

    iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated _____ in the ___. A copy of the judgment is attached at Exhibit _.

    iv. Other_____ [explain].

  b. If the Collateral is not real estate (check one):

☐ N/A.

OR

☒ **As is set forth in Exhibit A, the Note and Security Agreement were assigned from Waikem Motors Inc. to SANTANDER CONSUMER USA INC.**

8. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

|  | As is set forth in Exhibit A, the Note and Security Agreement were assigned from Waikem Motors Inc. to SANTANDER CONSUMER USA INC. |
|---|---|

9. The value of the Collateral is $20,475.00. This valuation is based on N.A.D.A.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $33,746.42, plus interest accruing thereon at the rate of 16.59% per annum from August 16, 2024, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit is N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

- ☐ N/A.
- ☐ The (COUNTY) Treasurer, for real estate taxes, in the amount of $(AMOUNT)
- ☒ **non-filing co-signer Nicholas R. Gessler**
- ☐ (ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ (ADD ADDITIONAL PARTIES AS APPROPRIATE))

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) **and § 1301** for these reason(s) (check all that apply):

- ☒ Debtor(s) have failed to provide adequate protection for the lien held by the Movant for these reasons: The Debtor(s) have failed to tender periodic payments to Movant.
- ☐ Debtor(s) have failed to keep the Collateral insured as required by the Security Agreement.
- ☐ Debtor(s) have failed to keep current the real estate taxes owed on the Collateral.
- ☒ Debtor(s) have failed to make periodic payments to Movant for the months of August, 2023 through March, 2024, which unpaid

|   |   |   |
|---|---|---|
| . | ☐ | payments are in the aggregate amount of $6,240.48 through April 2, 2024. The total provided in this paragraph cannot be relied upon as a post-petition reinstatement quotation. |
|   | ☐ | Debtor(s) are delinquent in funding the plan, and therefore the Trustee has failed to make periodic payments to Movant since the commencement of the bankruptcy case for ___ which unpaid payments are in the aggregate amount of $__ through ___. The total provided in this paragraph cannot be relied upon as a post-petition reinstatement quotation. |
|   | ☒ | Debtor(s) have no equity in the Collateral, because the Collateral is valued at $20,475.00 N.A.D.A., and including the Movant's lien, there are liens in an aggregate amount of $35,313.40 on the Collateral. |
|   | ☐ | Debtor plan provides for surrender of the Collateral. |
|   | ☐ | The Property is not necessary to an effective reorganization because_____. |
|   | ☐ | Other cause (set forth with specificity):_____. |

14. Movant has completed the worksheet, attached as Exhibit C.

15. **Movant further requests that notwithstanding the provisions of 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, that the relief from stay not be stayed for the 14 days, but shall become effective immediately.**

WHEREFORE, Movant prays for an order from the Court: granting Movant relief from the automatic stay of Bankruptcy Code § 362 **and § 1301** to permit Movant to proceed under applicable non-bankruptcy law.

Respectfully submitted,

/s/ Cynthia A. Jeffrey
Lindsey Hall (#0075152)
Cynthia A. Jeffrey (#0062718)
Daniel C. Wolters (#0076521)
Keith D. Weiner & Associates Co., L.P.A.
1100 Superior Ave East, Suite 1100
Cleveland, Ohio 44114
Phone: (216) 771-6500
Fax: (216) 771-6540
bankruptcy@weinerlaw.com

CERTIFICATE OF SERVICE

I certify that on April 3, 2024, a true and correct copy of the Motion for Relief from Stay was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

1.	Office of the U.S. Trustee at (registered address)@usdoj.gov

2.	Keith Rucinski on behalf of the Chapter 13 Trustee's office at efilings@ch13akron.com

3.	Kathryn A. Belfance on behalf of Rebecca L. Horvath, Debtor(s), at kb@rlbllp.com

And by regular U.S. mail, postage prepaid, to:

Rebecca L. Horvath
3479 E Tuscarawas Ext
Barberton, OH 44203

Nicholas R. Gessler
3479 E Tuscarawas Ext
Barberton, OH 44203


/s/ Cynthia A. Jeffrey
Lindsey Hall (#0075152)
Cynthia A. Jeffrey (#0062718)
Daniel C. Wolters (#0076521)
Keith D. Weiner & Associates Co., L.P.A.
1100 Superior Ave East, Suite 1100
Cleveland, Ohio 44114
Phone: (216) 771-6500
Fax: (216) 771-6540
bankruptcy@weinerlaw.com